# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-1031 JAR |
| MICROSOFT CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Raevon Terrell Parker for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an

action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

### The Complaint

Plaintiff filed the complaint on August 19, 2021, against Microsoft Corporation. Plaintiff has not identified the jurisdictional basis for filing the present lawsuit. However, on his civil cover sheet plaintiff alleges that his cause of action is a product liability action and sounds in negligence. Under the section of the Civil Cover Sheet titled "Brief Description of Cause," plaintiff states, "The email application Outlook malfunctioned."

Plaintiff claims the events giving rise to his claims occurred on September 1, 2016 at the St. Louis Community College in Florissant, Missouri. Plaintiff writes:

> The defendant failed to give adequate warnings that product is defective. The defendant failed to provide refund or replacement. Plaintiff was deprived of the basic need of education.

Plaintiff also writes: "Creating hardships that hindered the plaintiff's pursuit of education. The defendant failed to provide an adequate warning of defective product, which caused the plaintiff financial hardships because the plaintiff had to acquire more debt to continue his education."

In his request for relief, plaintiff states:

> The defendant is strictly liable for the defective product. The damages caused by defendant caused the plaintiff to incur legal fees, travel expenses that the plaintiff is requesting the court aide in getting plaintiff just compensation. The damages the plaintiff has endured are hinderance of furthering education. The damages are worth 5 million to the plaintiff. The defendant is strictly liable for damages that are punitive because the defendant is in the direct supply chain for the computer application Outlook.

2

Case: 4:21-cv-01031-JAR   Doc. #: 3   Filed: 09/29/21   Page: 3 of 5 PageID #: 12

Plaintiff does not appear to be asserting that he was physically injured. He appears to be seeking emotional distress and "consequential" damages only.

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. For example, plaintiff has filed three lawsuits against Apple, Inc., in this Court, as well as two actions against the United States of America. *See Parker v. Apple, Inc.,* No. 4:20-cv-731-SEP (E.D. Mo.); *Parker v. Apple, Inc.,* No. 4:21-cv-1041 DDN (E.D.Mo.); *Parker v. Apple, Inc.,* No. 4:20-cv-1784 NAB (E.D.Mo); *Parker v. United States of America*, No. 4:20-cv-01200-NCC (E.D. Mo. Sept. 3, 2020); *Parker v. United States of America*, No. 4:20-cv-01251-NCC (E.D. Mo. Sept. 14, 2020. Plaintiff has also filed three separate actions against a private citizen, Sharion Renee Settle. *See Parker v. Settle,* No. 4:20-cv-00214-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle*, No. 4:20-cv-00216-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle,* No. 4:20-cv-00219-SRC (E.D. Mo. Feb. 6, 2020). The Court has dismissed all of plaintiff's cases for one of the reasons set forth in 28 U.S.C. § 1915(e)(2).

**Discussion**

As in plaintiff's prior actions against Apple, Inc., this Court has serious reservations about whether this case involves a dispute or controversy properly within its jurisdiction.

Plaintiff has not set forth grounds for this Court's jurisdiction. As set forth above, on his civil cover sheet plaintiff alleges that his cause of action is a product liability action and sounds in negligence. Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). A district court's conclusion as to citizenship for purposes of federal diversity jurisdiction is a mixed question of law and fact. *Id.* To determine plaintiff's citizenship, the Court looks to plaintiff's place of domicile, or where he resides. When there is debate as to domicile, the Court looks to whether plaintiff is present in the purported state of domicile and his intention to remain there indefinitely. *See Id.*

Plaintiff does aver on his civil cover sheet that he and the defendant are citizens of different states, and he seeks damages of more than five million dollars. However, his assertion of the amount in controversy is implausible. He provides no adequate foundation for his belief that his damages are properly measured at such an amount, or that they are even sufficient to meet the jurisdictional threshold set forth in 28 U.S.C. § 1332. However, it would be futile to give plaintiff the opportunity to provide a foundation for his prayer for relief because the complaint is frivolous and fails to state a claim upon which relief may be granted.

In the complaint, the factual predicates of plaintiff's claim is that in September of 2016 his email on Microsoft Outlook stopped working. He claims that this damaged his educational process and caused damages to him in excess of 5 million dollars. Plaintiff, however, has not provided any support for his fantastic claims.

Rather, plaintiff's claims are entirely premised upon fantastic or delusional scenarios. Plaintiff's allegations are not merely unlikely; instead, they are "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25. The Court therefore determines that the complaint is legally frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Even if it could be said that plaintiff's allegations were non-frivolous, this case would be subject to dismissal.

Plaintiff provides no support for his allegations that Microsoft caused plaintiff a financial loss or can be held responsible for his emotional distress from his Outlook/email discontinuing to work in 2016. The Court would therefore conclude that the complaint fails to state any plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of September, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE